**CASUAL CORNER ASSOCIATES, INC.,**
a corporation, Plaintiff,

v.

**Helen J. WEINEL and Doris E. Whitaker,**
d/b/a Corner Casuals, Defendants.

No. 68–1238–Civ.

United States District Court,
S. D. Florida,
Miami Division.

Feb. 27, 1970.

Herbert L. Heiken, Miami, Fla., for plaintiff.

Robert E. Venney, of Gunn & Venney, Miami, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

ATKINS, District Judge.

This case was tried before me without a jury in Fort Pierce, Florida, Subsequent to the trial both counsel submitted memoranda in support of their positions and corresponding proposed findings of fact and conclusions of law. My findings and conclusions are as follows:

### FINDINGS OF FACT

1. Plaintiff is a corporate entity, formed under the laws of the District of Columbia. It has been the owner and holder of the trademark known as Casual Corner since May 14, 1957 and the goodwill associated with the use of that trademark in connection with retail sales of women's sportswear, apparel and accessories in some 16 states of the United States. It is a corporation of which various retail mercantile establishments own a part. These mercantile establishments own and operate approximately fifty retail stores in sixteen states: Virginia, Georgia, Maryland, Massachusetts, North Carolina, Ohio, New York, South Carolina, Connecticut, Alabama, Pennsylvania, Arkansas, Tennessee, Wisconsin, Rhode Island and the District of Columbia. Each of these retail mercantile establishments use the registered and protected name of Casual Corner in their sales, advertising, packaging and communication with the general purchasing public.

2. Plaintiff licenses the owners of the various retail establishments to do business under the name of Casual Corner and allows them to label, package, advertise and sell women's sportswear and other apparel as Casual Corner merchandise and otherwise to use the trademark Casual Corner. In furtherance of this contractual relationship, the plaintiff provides to its licensees central buying, national advertising at substantial cost, sales, promotional and merchandising information, uniform standards and practices for all of its retail outlets, brochures, pamphlets, direct mailing pieces, advertising mats, and other promotional devices and materials for the licensees.

3. Defendant Helen J. Weinel is the sole proprietor of a retail mercantile establishment, located in the City of Sebring, Florida, using the name "Corner Casuals" and she sells to the general purchasing public women's sportswear, apparel and accessories, some of which are similar to plaintiff's products. Sebring is a small city in Central Florida with a population of approximately 8,000. The name "Corner Casuals" used by the defendant is descriptive of the location of her store in that it is located in a shopping center on a prominent cor-

ner of the main building. She displays a large storefront sign using the name and has also used the name on packaging materials and in advertising.

4. The plaintiff uses a distinctive lettering in its name that is described as "Bent Twig" and is used by its retail establishments in labeling, packaging and store signs. The defendant does not use lettering similar to that used by the plaintiff and does not label any of her merchandise.

5. The name of the plaintiff and its distinctive style of store is not known in the area of Sebring, Florida and there is no actual confusion by the public in that area between the operations of plaintiff and defendant.

6. Defendant has used the name "Corner Casuals" from the time she began her business in July, 1962 in Sebring, Florida. No evidence has been presented to the Court which would indicate any knowledge on her part as to the existence of the plaintiff and its trade name of Casual Corner at the time defendant began her business.

7. In 1966, plaintiff gave notice to the defendant of the plaintiff's registration of the name Casual Corner and requested of the defendant that she cease and desist from using her trade name "Corner Casuals" but the defendant refused to so cease and desist and continues to use said trade name as of the present time.

### CONCLUSIONS OF LAW

1. The grant of an injunction to restrict unauthorized use of a trademark registered under the Lanham Act, Title 15 U.S.C.A. §§ 1051–1127 is limited to a situation where there is proof that the use was likely to cause confusion or mistake or to deceive. Holiday Inns of America Inc. v. B & B Corporation, 409 F.2d 614 (3rd Cir. 1969); American Foods Inc. v. Golden Flake Inc., 312 F.2d 619 (5th Cir. 1963).

2. "The purpose of the law of trademark infringement is not to af-

ford relief against unfair business conduct *in vacuo*; it is designed solely to prevent unfair competition." Holiday Inns of America Inc., *supra*, 409 F.2d at 617. In other words, if there are identical names in the same market place competing for the same customers then a basis for relief has been shown. In the instant case there is identity only as to product. CORNER CASUALS and CASUAL CORNER both deal in women's apparel. Even here there are differences. As mentioned before, much of the CASUAL CORNER merchandise bears its own label. The two companies do not compete in the same marketplace. The CASUAL CORNER store nearest Sebring is in Atlanta, approximately 600 miles away. Finally, the names are obviously not identical although there is a ring of similarity.

3. Perhaps the most settled principle in the area of trademark law is the maxim that each case must be decided upon its own facts. *American Foods Inc.*, *supra* at 626. The similarity of the two names CASUAL CORNER and CORNER CASUALS must be compared in the light of consumer confusion, i. e., would an ordinary consumer mistake the CORNER CASUALS store in Sebring, Florida for a CASUAL CORNER store? The names consist of virtually the same two words used alternatively as adjective and noun. Regardless of the alternative use and the reversal of the order, the phonetic similarity, the cadence and the alliteration leads me to conclude that the likelihood of consumer confusion is virtually inevitable.

4. In accordance with the above findings the plaintiff's application for an injunction is denied without prejudice. If the CASUAL CORNER operation expands into Florida at some future time, reapplication may be appropriate. Plaintiff's prayer for damages is denied as it is wholly unsupported by the record.

Defendants shall submit a form of judgment within ten days. Each party to bear his own costs.